# J. H. Harlow *v.* The Borough of Beaver Falls, Appellant.

*Municipalities—Boroughs—Contract—Water supply.*

Where a borough having power under the general borough law to provide a supply of water for its inhabitants has entered into a contract with an engineer to supply plans and specifications for waterworks, and work has been done under the contract, and subsequently the Supreme Court enjoins the borough from building the waterworks because of the existence of a contract of the borough with a private water company, the injunction does not render the contract ultra vires, the subject-matter being entirely within the municipal functions of the borough, and the engineer may recover under his contract for the work actually done.

Argued Oct. 19, 1898. Appeal, No. 153, Oct. T., 1898, by defendant, from judgment of C. P. Beaver Co., June T., 1897, No. 35, on verdict for plaintiff. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for breach of contract.

At the trial it appeared that in 1894 the borough of Beaver Falls, which had been incorporated under the general borough law of 1851, entered into a contract with the plaintiff as consulting engineer to make the necessary plans and specifications for proposed waterworks, for the compensation of $4,000, which was to include the superintending of the works to completion. The plans and specifications were prepared, and work was begun upon the water works. On June 30, 1896, the construction of the works was discontinued. It appeared that in 1895 Martin Metzger obtained an injunction restraining the borough from proceeding with the work of construction. This injunction was sustained by the Supreme Court on October 5, 1896 (178 Pa. 5), on the ground that the borough had a contract with the Union Water Company, a private corporation, by which the latter was to furnish a supply of water for the use of the borough and its inhabitants.

· The defendant submitted, inter alia, the following points, the court reserving the questions of law.

2. When the plaintiff undertook to make a contract with the defendant, it was his duty to know whether or not the defend-

ant had the power to enter into a valid contract with him whereby he was to act as consulting engineer in and about the erection and construction of a waterworks for said borough, and if the defendant had no legal right to erect and construct a waterworks plant at the time the contract in suit was entered into, then the contract so made by the defendant with the plaintiff was not within the power of the borough to make and is, therefore, void and the plaintiff cannot recover in this action.

3. It being the uncontroverted testimony in this case that at the time the contract in suit was entered into between the plaintiff and the defendant, the borough of Beaver Falls was being supplied with water by a private corporation, to wit: The Union Water Company, by an arrangement with the defendant, then the defendant had exhausted the power granted to it by the act of assembly of 1851, to supply itself with water and had, therefore, no power to erect waterworks to supply itself with water, nor had it any power to make any contract looking to that end, and, therefore, had no power to enter into the contract in suit whereby it undertook to employ plaintiff to act as consulting engineer in and about the erecting and constructing of a waterworks, and the verdict must be for the defendant.

4. Even if said contract were a valid contract, it being the undisputed evidence that the defendant did not of its own motion prevent the plaintiff from performing his part of the contract, but, on the contrary, was itself prevented from carrying out said contract by an injunction, the strong arm of the law thus excused defendant from the performance of its part of said contract by it to be performed, and the plaintiff could only recover for the services by him at that time actually performed, and can recover nothing in this suit for prospective profits on said contract or damages for its breach.

6. Under the pleadings and the evidence in this case your verdict must be for the defendant.

The jury returned a verdict in favor of the plaintiff for $1,750.

Subsequently on a motion for a new trial and a motion for judgment non obstante veredicto, MILLER, P. J. of the 35th judicial district, specially presiding, filed the following opinion:

The motion for a new trial raises practically but two questions: First, is the plaintiff entitled to a verdict for any sum? Second, if he is, is the verdict of the jury against the weight of the evidence?

The first question was reserved by the court when the case was submitted to the jury for them to find from the evidence whether or not the plaintiff had a contract with the defendant for his employment as consulting engineer; and, if so, the terms of the contract, and how much he was entitled to recover under such contract. The jury found by their verdict that the plaintiff had a contract with the defendant, and that for his services under such contract he was entitled to recover the sum of $1,750.

The legal questions involved in the case are raised by defendant's second, third, fourth and sixth points. At the time the court delivered the charge to the jury these points were not answered, for the reason that the court, having reserved the question as to the right of the plaintiff to recover under the facts and the law, understood the defendant to waive the answers to the points. On the trial the legal questions were not argued to the court. On the rendering of the verdict the defendant made two motions: First, to enter judgment for the defendant non obstante veredicto; second, for a new trial in case the first motion should not prevail. On hearing of these two motions it was strenuously contended by the defendant that, under the decision of Metzger v. Beaver Falls Borough, 178 Pa. 1, the plaintiff could not recover. To our mind it would be unreasonable, inequitable and unjust to so hold.

The general borough act of 1851, under which Beaver Falls became and is a municipality, grants authority to boroughs " to provide a supply of water for the use of the inhabitants." Under the decision of Lehigh Water Company's Appeal, 102 Pa. 515, and Howard's Appeal, 162 Pa. 374, Beaver Falls borough had undoubted authority to construct the waterworks and employ the plaintiff for the purposes which the testimony and the verdict of the jury establishes he was employed for. Had the plaintiff before he entered into the alleged contract employed the most eminent counsel in the state he would have been informed that under the statute, as then expounded by our Supreme Court, the defendant could make the contract

with him, which he alleges it was about to make and did make. In Metzger v. Beaver Falls Borough our Supreme Court felt constrained to change their other rulings, as made in Lehigh Water Company's Appeal and Howard's Appeal. As is said in Ray v. Gas Company, 138 Pa. 576, "in so doing the doctrine is not that the law is changed, but that the court was mistaken in its former decision, and that the law is, and really always was, as it is expounded in the latest decision upon the subject." Under the general borough act of 1851, as construed by our Supreme Court prior to and at the time plaintiff made the contract with the defendant, and on which he claims to recover, the defendant had the power to enter into such a contract. The contract was valid by the statute as then expounded and administered by our courts of justice, and its validity and obligation should not be impaired by any subsequent decision of the courts altering the construction of the statute law: Ray v. Natural Gas Company, supra, and cases cited on page 591. We are, therefore, of the opinion that at the time the borough of Beaver Falls entered into the contract. with the plaintiff, employing him to act as consulting engineer in and about the erection and construction of the waterworks, it had power, under the statute as expounded by our Supreme Court, so to do.

We, pro forma, answer the second and third points of the defendant in the negative.

The fourth and sixth points raise the question that the defendant, under any circumstances, could only recover upon a quantum meruit, and that under the pleadings in this case there could be no recovery. We do not take this view of the case. The plaintiff claimed upon a special contract. He entered upon the performance of the duties for which he claims compensation, under such special contract. He was prevented by plaintiff from fulfilling it. His action, therefore, was on the contract itself: Algeo v. Algeo, 10 S. &. R. 235; Eckel v. Murphy, 15 Pa. 488. The undisputed evidence of the case shows that the defendant notified the plaintiff to cease performance before the Supreme Court had decided the case of Metzger v. Beaver Falls Borough, supra. No doubt the appeal taken by Metzger had much to do with the defendant so notifying the plaintiff to cease work under the contract; but if they had the contract with the plain-

tiff which they claim they had, under no circumstances could he have recovered to exceed the sum of $500. If we are correct in holding at the time the defendant made the contract it had the power to make it, and was bound thereby, no subsequent action of the borough or decision of the Supreme Court could so far modify the contract as to change the plaintiff's action from one on the contract itself to an action of indebitatus assumpsit.

It is true, as said by AGNEW, J., in McManus v. Cassidy, 66 Pa. 260, that prevention will not stand for full performance, and the plaintiff must declare upon the special agreement and show wherein his part performance will entitle him to recover. If in a case like the one at bar the plaintiff could recover on a quantum meruit he might recover more than the contract price. He might have taken the contract at such a price that the value of the work performed for the part would exceed the sum for which he had agreed to perform the whole. We held at the trial that the true measure of damages was the contract price, less what it would have reasonably cost the plaintiff to have completed it. In this we still hold there was no error.

Is the verdict against the weight of the evidence? There was sufficient evidence to warrant a jury in finding that there was a contract between the parties whereby plaintiff was to receive the sum of $500 only for his services in case the borough was enjoined against completing the waterworks. If the jury had so found we would not have disturbed the verdict. On the other hand, there was clear and definite affirmative evidence in support of the plaintiff's theory of the case. There was his own testimony, the testimony of the clerk of the committee who kept the minutes, and the positive declaration of the resolution employing him. Even if we would have come to a different conclusion than that arrived at by the jury, this in itself would be no reason for setting aside the verdict: Deysher v. Hilsinger, 2 Woodward, 153; Brown v. Railroad Co., 2 Woodward, 144; Becker v. Maurer, 2 Woodward, 264; Keim v. Maurer, 2 Woodward, 412.

It is true that the plaintiff testified that the only contract he had with the borough, as to the amount of his services, was $4,000. In his testimony he gave it as his opinion that it would cost him between $900 and $1,000 to perform the un-

completed part of the work; and his claim in effect, therefore, was $3,000. He also testified what services he had rendered up to the time that he was notified to cease work, and also as to what work he would still have been required to perform had he completed the entire work. The jury, therefore, was not bound absolutely by his opinion. Having heard the evidence of the plaintiff on the subject it was their duty, if they believed from all the evidence that it would have cost the plaintiff more than $1,000 to have performed the uncompleted part of the work, to so find. Evidently they believed it would have cost him considerably more than $1,000 to have completed the work, and hence the verdict rendered by them.

Under no circumstances from the verdict could the jury have found that there was a conditional contract, as testified to by the defendant. Having found the contract as testified to and as claimed by the plaintiff we cannot say that the verdict is against the weight of the evidence. A new trial is therefore refused.

And now, June 7, 1898, the motion for a new trial in this case is refused; the motion for judgment non obstante veredicto is overruled, and we direct judgment to be entered on the verdict for the plaintiff on the payment of the jury fee.

Defendant appealed.

*Error assigned* among others was the judgment of the court in favor of the plaintiff.

*A. P. Marshall* and *J. R. Martin*, for appellant.—The borough had no power to make the contract: White v. City of Meadville, 177 Pa. 643; Tiedeman on Municipal Corp. sec. 169; Dillon on Municipal Corp. sec. 381; Earley's App., 103 Pa. 273.

Where the direct object of the parties is to do an illegal act, the agreement is void: Clark on Contracts, p. 375.

Where the duty or charge is imposed upon the party by the law, and not by his own contract, he will be excused from liability if performance of his duty becomes impossible without his own fault: 3 Am. & Eng. Ency. of Law, 901; Phillips v. Stevens, 16 Mass. 238; Presbyterian Church v. City of N. Y., 5 Cowen (N. Y.), 538; Atkinson v. Ritchie, 10 East, 534.

All persons contracting with a municipal corporation must

at their peril inquire into the power of the corporation or its officers to make the contract, and a contract beyond the scope of the municipal power is void: Dillon on Municipal Corp. sec. 372; Drhew v. Altoona City, 121 Pa. 401.

It has been held several times in the Supreme Court of the United States that no mere decision of a state court, or inferior federal court, on the subject of the validity of a contract, or the mode of its discharge, is within the meaning of the constitutional provision, unless it be founded upon a statute or a constitution of a state, passed subsequent to the making of the contract: Miller on the Constitution of the U. S. 531; R. R. Co. v. Rock, 4 Wall. 177; University v. People, 99 U. S. 309; New Orleans Water Works Co. v. Louisiana Sugar Co., 125 U. S. 18; Williams v. Bruffy, 96 U. S. 176; United States v. New Orleans, 98 U. S. 381.

Persons entering into a contract relying on a decision of the highest court of the state are bound in the performance thereof by the law as disclosed by a subsequent decision of the same court overruling the former decision as erroneous: 1 Beach on Modern Law on Contracts, 280; Allen v. Allen, 27 Pacific Rep. 30.

*Magnus Pflaum, Henry Hice* and *Agnew Hice,* for appellee, were not heard, but argued in their printed brief as follows: The rights of plaintiff depend upon the legal powers of the borough at the time the contract was made, and not upon a subsequent change of such powers. He was bound to know the present ability, not the future disability of the municipality he was dealing with. When the contract was made the borough was authorized to construct waterworks by an act of assembly, borough act of 1851, and (as against private water companies) by decision of this court: Lehigh Water Company's Appeal, 102 Pa. 515, and Millvale Borough (Howard's Appeal), 162 Pa. 374.

A corporation contract is ultra vires when it is beyond the powers conferred, whether rightfully or not, and the contract in question was within the very letter of the act. It cannot be said, therefore, that it was ultra vires within the proper meaning of its acceptation: Freeland v. Penna. Cen. Ins. Co., 94 Pa. 513.

Plaintiff seeks to recover only compensation for services rendered before the injunction was granted. Appellant has enjoyed the benefit. In such case ultra vires comes with exceedingly bad grace from the defendant: Oil Creek, etc., R. R. Co. v. Pennsylvania Transportation Co., 83 Pa. 160.

We claim that the last decision, as far as intervening contracts are concerned, cannot be retroactive because impairing their obligation: Ohio Life Ins. & Trust Co. v. Debolt, 16 How. 432; Gelpcke v. Dubuque, 1 Wall. 175; Havemeyer v. Iowa County, 3 Wall. 294; Lee County v. Rogers, 7 Wall. 181; Olcott v. Supervisors, 16 Wall. 690.

The contract being entire (Lucesco Oil Company v. Brewer 66 Pa. 354; Rugg & Bryan v. Moore, 110 Pa. 240), and only performed in part, the measure of damages for the breach is the contract price less the cost to plaintiff of the part unperformed: 1 Addison on Contracts, *402; 2 Sedgwick on Meas. of Damages, sec. 609; Imperial Coal Co. v. Port Royal Coal Co., 138 Pa. 45.

PER CURIAM, October 31, 1898:

The defendant undoubtedly had a lawful right to make the contract for services upon which the plaintiff's claim is founded. It was not ultra vires in any sense. The subject-matter of the contract was entirely within the municipal functions of the defendant. The service being in part performed and then suspended for a lawful reason, by the act of the defendant, the plaintiff was entitled to be paid for the service he had rendered. The assignments of error are all dismissed.

Judgment affirmed.