## Cope v. Bangor & Portland Traction Company, Appellant.

*Contract—Breach of contract—Conflicting evidence—Question for jury.*

1. In an action to recover damages for the breach of a construction contract, the case is for the jury and a verdict and judgment for the plaintiff will be sustained, where the evidence for the plaintiff, although contradicted, tends to show that the plaintiff began performance of the contract in good faith, but was stopped by the defendant in its execution, and that after finding that the defendant did not intend to allow him to proceed, he availed himself of the right to declare the contract rescinded and sue for the damages occasioned by its breach. In such a case it is proper to permit an employee of the plaintiff to testify that he went upon the ground on the day fixed by the contract for the commencement of the work, and under the instruction of defendant's engineer helped to stake off the place and to lay pipe and tile, and was thus engaged for several hours.

*Contract—Breach of contract—Measure of damages—Loss of profits.*

2. Damages may be recovered for loss of profits caused by a breach of contract; and they are never excluded simply because they are profits. If it reasonably appear that profits would have been made had the terms of the contract been observed, and that their loss necessarily followed its breach, they may be recovered as damages if the evidence is sufficiently certain and definite to warrant the jury in estimating their extent.

3. In an action for a breach of a construction contract the plaintiff may show the quantity of the various kinds of the material and labor that would be required to do the work; also the contracts which he had made for the purchase of material, and also the cost of excavation and removal of dirt under certain favorable arrangements which he had made. He will not be confined to proof of formally executed contracts for labor or material which would have bound him whether the work went on or not.

Argued Dec. 8, 1908. Appeal, No. 220, Oct. T., 1907, by defendant, from judgment of C. P. Northampton Co., April T., 1906, No. 21, on verdict for plaintiff in case of Isaac Cope v. Bangor & Portland Traction Company. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Assumpsit for the breach of a construction contract. Before Stewart, J.

The facts appear by the opinion of the Superior Court.

When A. S. Hunt was on the stand the following question was asked the witness.

Mr. Steel: "Q. After the contract for the building of the subway at Portland had been given to Mr. Isaac Cope, the plaintiff in this suit, will you state whether or not you received instructions from Mr. Cope on July 14, 1904, to go there at that point and do work? A. Yes, sir, I did. Q. In consequence of his instructions what did you do? A. Went down there with the engineer and helped stake off the place to lay the pipe in, the tiling. Q. You went down with the engineer? A. With the engineer, yes, sir. Q. Who was he? A. Herbert Dilliard. And George Rasely went down that morning. Q. Did you have any workmen with you? A. None but myself. Q. What did you do? A. Helped stake out the place for the pipe as he laid the line and helped carry the chain. Q. How long were you engaged there on that day? A. Well, perhaps three hours."

Objected to and move that the testimony on the subject be stricken out on the ground that the staking out of the location of the pipe was no part of the work to be done by the contractor under the contract.

The Court: The objection is overruled; the testimony, we

think, is material as showing the commencement of the work under the contract in connection with the fact that they were to put in this pipe at the place where the engineer surveyed and staked it out.   Bill sealed for defendant. [8]

Defendant presented this point:

10. Under the law and the evidence in this case the verdict should be for the defendant.  *Answer:* That point is refused. I submit the question to you as a matter of fact for the consideration of the jury and their determination. [9]

The court charged in part as follows:

[And your attention was called to the fact that a number of the witnesses for the defense were men of very large experience, and that their estimates were very much in excess of the contract price itself.  These matters are all for your consideration. Admitting that they were experienced men, was their testimony weakened by the cross-examination when their attention was directed to particular items; was their estimate changed in any way; were there deductions made such as were claimed by the plaintiff which would still entitle him to a verdict at your hands, even taking the testimony of some of the witnesses for the defense.] [6]

[If, on the other hand, you are satisfied—taking into consideration Mr. Cope's experience as a contractor; taking into consideration what he has said with reference to the way in which he was going to build this job; the advantages which he had from his previous experience, and previous knowledge; taking into consideration the portions of the contract which have been referred to with reference to the use of the large stones: taking into consideration the deductions which have been made, as appears in the cross-examination of some of the defendant's witnesses; taking the testimony of Mr. Hunt, who fixed the amount at some $2,600 or $2,700; taking all the testimony and looking at it from the plaintiff's point of view, you are satisfied that it could have been built according to the plans and specifications for the sum which he fixes at $2,300 and some odd dollars, or $2,400 or $2,600 or $2,700, just as it may appear to you from all the testimony in this case, and that

sum is under $3,750, then you would subtract what the evidence satisfies you it would reasonably cost from the amount which he was to get, and that would be the measure of damages.] [7]

Verdict and judgment for plaintiff for $193.14. Defendant appealed.

*Errors assigned* were (1–5) various rulings on evidence relating to the amount of profits, quoting the bill of exceptions; (8) refusal to strike out testimony of Hunt; (6, 7, 9) above instructions, quoting them.

*H. M. Hagerman,* for appellant.

*H. J. Steele,* for appellee.

OPINION BY HEAD, J., April 12, 1909:

The ninth assignment of error complains of the action of the court in refusing to direct a verdict for the defendant. This assignment cannot be sustained unless, after giving to the plaintiff the benefit of every fact testified to by him or his witnesses and every inference to be fairly deduced from such facts, it appears that no legal cause of action has been shown. It was not denied that the parties had entered into a contract in writing whereby the plaintiff agreed to furnish certain material and perform all the labor necessary to construct an underground crossing, a portion of which was to extend under the right of way and tracks of a steam railroad. The contract was an entire one, and the consideration was the bulk sum of $3,750. The parties stipulated further that the plaintiff should "commence the work required to be done on or before July 14th . . . . and that the whole of said work shall be fully completed and performed within sixty working days after July 14, 1904." The contract bears date of July 11, 1904, and seems to have been actually executed on that date. The plaintiff testified that he immediately proceeded to engage and prepare sand, crushed stone and lumber, and to employ men, tools and teams. The plaintiff testified further that he was directed on the 16th, two days after he had begun, to stop the work because the defendant had not yet

secured the right to go under the tracks of the steam railroad. He further testified that on the 18th he was approached by the secretary of the company and asked to give the company a written notice to return his papers, the bond and the contract. To this he replied that if they would pay him $50.00 cash on that day and return the papers, he would agree to the cancellation of the contract. Nothing being done, the plaintiff on the 19th gave to the company a written notice to return his papers and pay the damages. Giving to the plaintiff the benefit of the facts thus testified to by himself and the inferences to be drawn therefrom, it would appear that after he had entered into a contract and begun its performance in good faith he was stopped by the defendant company in the further execution of the contract, and finding no evidence that the company intended to allow him to proceed, he availed himself of his right to declare the contract rescinded and sue for the damages occasioned by its breach. Of course, there was a sharp conflict in the evidence on this question of fact, the defendant stoutly contending that it had not stopped or interfered with the work, and affirming that the plaintiff quit of his own motion. The court, with entire fairness to the defendant, submitted this question of fact to the jury and their finding was favorable to the plaintiff. The ninth assignment must therefore be overruled.

The eighth assignment complains of the action of the court in refusing to strike out the testimony of the plaintiff's witness, Hunt. This witness testified that as soon as the contract was signed he was instructed by the plaintiff to begin work on July 14, the day fixed in the contract. That in consequence of these instructions he went on the ground with the defendant's engineer and helped stake off the place, to lay pipe, tile, etc., being thus engaged for several hours. He testified that the engineer had directed him to go to work and that he wanted to do so, but was told by the president of the company that he could not go to work "because we have not the right of way." The witness suggested that they could begin tearing down fence, cutting brush, etc., but he was not permitted to do this. This testimony was admitted in connection with the testimony of the plaintiff of the preparation he had made in the way of

securing materials, teams, etc., to show that he had in good faith complied with the stipulation in the agreement requiring him to begin the work on July 14. On this point the learned court below submitted the question to the jury in a manner of which certainly the defendant cannot justly complain. The jury were instructed, "If you find as a matter of fact that he did not commence the work in the time which is stipulated, that is on the 14th, no matter what his excuse may have been, then he failed to comply with that provision of the contract, and unless you find from some of the testimony in the case which does not occur to the court that it was waived, then it again would be your duty to find a verdict in favor of the defendant because he had not commenced on the 14th, and that again would end your consideration of this case." It was not necessary that the plaintiff with his own hands should begin actual excavation on the day named. It was sufficient if the jury under the testimony found that he had actually and in good faith begun the performance of the work at the time stipulated. There was testimony from which the jury could so find, and we think the testimony of the witness Hunt was admissible for the purpose of determining that question. The eighth assignment is overruled.

The remaining seven assignments of error, in the language of the appellant's brief, "can be grouped as presenting practically one question though they embrace error in admitting testimony and the charge of the court." This question may be thus stated: The contract having been executed, as both parties agree, under which the plaintiff was to do certain work and receive therefor a bulk sum of money, and the plaintiff having begun in good faith performance upon his part, and the further execution of the contract having been prevented by the defendant's breach, what was the correct measure of the plaintiff's damages? This question we think has been conclusively answered by the courts of this state, and it will therefore be unnecessary to go into a detailed examination of the cases in other jurisdictions cited by the learned counsel for the appellant. Besides, all of these cited cases have been elaborately reviewed and analyzed by Mr. Justice MESTREZAT in the recent case of Wilson v. Wernwag,

217 Pa. 82. The rule deduced by him from that review as announced by the court is thus stated: "From these authorities, it is clear that damages may be recovered for loss of profits caused by a breach of contract; and that they are never excluded simply because they are profits. If it reasonably appear that profits would have been made had the terms of the contract been observed, and that their loss necessarily followed its breach, they may be recovered as damages if the evidence is sufficiently certain and definite to warrant the jury in estimating their extent." Manifestly, therefore, if the defendant was guilty of a breach of its contract, the plaintiff would have the right to make it reasonably appear to the jury what profits would have been made had the terms of the contract been observed. By what kind of evidence could the plaintiff make plain the desired fact? The contract showed he was to receive $3,750 for doing the work. His profits, if any were made, would necessarily be the difference between that sum and the price at which he could actually complete his commission. To show this difference he testified to the jury the quantity of the various kinds of material and labor that would be required to do the work. He then proceeded to prove by a number of witnesses that he had made contracts with them for the purchase of the various kinds and quantities of material desired, as well as to show the cost of excavation and removal of dirt under certain favorable arrangements which he had made. Of course, the truth of all of these matters was for the jury, and we think the admissibility of such evidence under such circumstances is again a question that has been authoritatively disposed of. In Smith v. Kaufman, 30 Pa Superior Ct. 265, the same question arose under a state of facts almost identical with that presented by the case at bar. There the plaintiff had been awarded a contract for the construction of certain work. He was to enter upon its performance immediately. Before he had progressed far there was a breach of the contract by the defendant and the work was stopped. The plaintiff in an action for damages sought to recover not only the moneys up to that time actually expended by him but also for the profits of his contract, and the manner in which he undertook to aid the jury in ascer-

taining these profits was by the production of testimony that he had sublet portions of the work at certain prices and arranged for the purchase of material in the same way, etc. In delivering the opinion of this court HENDERSON, J., said: "The only remaining question relates to the measure of damages. That the plaintiff is entitled to recover the amount expended for materials and labor in execution of the contract, in case of a breach, will not be disputed, and we think it clear, that, under the evidence, he is entitled to the profits of the bargain. The evidence definitely discloses what that profit would have been if the contract had been carried out. Bids for subdivision of the work were tendered to the plaintiff, the cost of other parts of the work was shown and the profits from the whole made evident to the satisfaction of the court. This profit was the difference between what the labor and materials would have cost the plaintiff, as proved by him, and the contract price to be paid by the defendants. There is nothing speculative or estimated in this part of the plaintiff's case, if the evidence is credited. His loss was actual and substantial and could be readily ascertained." The authorities cited in that opinion fully sustain the conclusion reached and need not here be repeated.

It was not necessary, in an inquiry thus directed to ascertain what the performance of the work would have cost the plaintiff, to confine the proof to formally executed contracts for labor or material which would have bound the plaintiff whether the work went on or not. It would be a harsh rule to permit a defendant who had committed a breach of his own contract to insist that a wronged plaintiff in making out his case should be compelled to bear such a burden. If under all the testimony, as he produced it before the jury, the cost of the work to him, had the contract been carried out, could be easily and fairly ascertained, then such proof came up to every requirement of the law as declared in the cases cited. The learned judge below was therefore right in holding with the plaintiff upon the main question referred to in the remaining assignments of error and they must be overruled.

Judgment affirmed.