## Sauer *v.* School District of The Borough of McKees Rocks, Appellant.

*Assumpsit—Statements of claim—Amendments — Contracts — Quantum meruit.*

1. Where a statement of claim, declaring on an express contract partly performed and demanding the full contract price, is amended so as to claim only that part of the entire compensation represented by services actually performed, the cause of action is not changed to one on a quantum meruit. The cause of action is set forth in the original statement and the amendment but enables the plaintiff to claim the proper measure of damages.

*Contracts—Entire contracts—Part performance—Breach—Measure of damages.*

2. Where a party has partly performed an entire contract and is prevented from completing performance by the act of the other party or by the law, he may recover in an action on the contract, and the measure of his damages is the contract price less the cost of completing the work.

*Municipal corporations—Constitutional law — Restrictions on municipal indebtedness—Municipal contracts—Illegal contracts—Architects—Recovery for services.*

3. A contract by a municipal corporation which, when properly construed, does not fix the amount of the liability from its date, does not create a present indebtedness within the meaning of the constitutional restriction on municipal indebtedness.

4. A contract between a school district and an architect for the preparation of plans and specifications for, and the supervision of the construction of a school building, will not be rendered unenforceable by a subsequently made illegal contract for the construction of the building, where it does not appear that at the time the contract was made with the architect it was contemplated by either party that a subsequent illegal contract would be entered into for the construction of the building.

5. Where an agreement is lawful on its face or is capable of being executed in a lawful way, and the intention of one of the parties is that it be so executed, he is entitled to enforce the agreement notwithstanding the other party intended an illegal act, if he was unaware of the illegal intention.

6. In an action of assumpsit to recover upon an entire contract made by an architect with a school board for the preparation of plans and specifications and for the superintendence of the construction of a school building by an architect, plaintiff subsequently amended his statement of claim so as to claim the contract price of that part of the services which he had performed; it appeared that the school board was authorized to employ an architect and that after the execution of plaintiff's contract the board entered into a contract with a contractor for the construction of the building; that plaintiff prepared plans and specifications and performed services in connection with the construction of the building until further work was stopped by injunction proceedings on the ground that the contract for the construction of the building was illegal, in creating a debt exceeding the constitutional limit. Plaintiff's contract did not state the cost of the building but his compensation was made to depend upon the cost thereof. Plaintiff's uncontradicted evidence was that when the contract was

signed the board had not determined upon the size of the building; that nothing was said as to what the building would cost and that he did not familiarize himself with the financial standing of the board. *Held,* that the plaintiff was entitled to recover for the services he had performed.

Argued Oct. 22, 1913. Appeal, No. 66, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., Nov. T., 1910, No. 355, on verdict for plaintiff in case of F. C. Sauer v. The School District of the Borough of McKees Rocks. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a written contract for services rendered by an architect. Before DAVIS, J.

The opinion of the Supreme Court states the facts.
Verdict for plaintiff for $6,830.14 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings of the trial judge, various instructions to the jury, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*Joseph Conrad,* of *Eckles & Conrad,* for appellant.— There can be no recovery of any amount in this case. The agreement is an entire contract and discloses no intention of the parties to apportion the compensation among the various items of service to be rendered by the plaintiff: Lucesco Oil Co. v. Brewer, 66 Pa. 351; Rugg v. Moore, 110 Pa. 236; Gill v. Lumber Co., 151 Pa. 534; Filsons v. Himes, 5 Pa. 452; Alcott v. Hugus, 105 Pa. 350; Fullmer v. Poust, 155 Pa. 275; Easton v. Jones, 193 Pa. 147; O'Malley v. Olyphant Boro., 198 Pa. 525; Millerstown Boro. v. Frederick, 114 Pa. 435; Chase v. Burkholder, 18 Pa. 48; Nester v. Brewing Co., 161 Pa. 473.

The defendant had no power to engage an architect to

sketch, plan, make drawings for and superintend the erection of a building which it had no power to erect. The contract is collateral to an illegal act and is connected with a breach of the supreme law of the State: Badgley v. Beale, 3 Watts 263; Biddis v. James, 6 Binney 321; Spurgeon v. McElwain, 6 Ohio Reps. 442.

*James Balph,* with him *R. A. Balph,* for appellee.— The contract between the plaintiff and the school district was valid when entered into: Dowley v. Schiffer, 13 N. Y. Supp. 552; Lord Howden v. Simpson, 10 Ad. & El. 793.

If lawful when made the contract could not become unlawful thereafter: Barry v. Capen, 151 Mass. 99; Lord Howden v. Simpson, 10 Adolphus & Ellis 793; Harlow v. Beaver Falls Boro., 188 Pa. 263.

Where the entire contract is legal at its inception and partly performed and subsequently cannot be completed through no fault of the plaintiff, the plaintiff can recover to the extent of his actual performance: Harlow v. Beaver Falls Boro., 188 Pa. 263.

The measure of damages for the breach is the contract price less the cost to plaintiff of the part to be performed: Imperial Coal Co. v. Port Royal Coal Co., 138 Pa. 45.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1914:

This is an action of assumpsit to recover on a written agreement for services rendered by an architect to the defendant school district in preparing plans and superintending the construction of a school building. An affidavit of defense was filed and a plea was entered. The trial resulted in a verdict and judgment for the plaintiff. The defendant has appealed.

The plaintiff declared on an article of agreement, dated February 23, 1907, by which it appears that he was employed to render full professional services in the erection of a new school building for the borough, his

duties including attendance at meetings of the school board, the preparation of preliminary sketches for "a suitable school building" and all working drawings after approval of the sketches, the receiving of estimates and the execution of contracts, and personal superintendence of the erection of the building. The school district was to pay him as compensation for his services "the sums equal to five per cent. of the entire cost of said building." The statement avers that after the contractors had partially erected the building, the defendant without any fault of plaintiff, stopped the work and entirely abandoned the erection of the building, that the plaintiff performed the services required of him by the agreement until the work was abandoned, and that he has been ready to continue the work of superintending the construction of the building, but defendant refused to permit plaintiff to complete his service. He claimed five per cent. of the completed cost of the building less $3,000 paid on account of his services.

The defendant school district filed an elaborate affidavit of defense denying its liability on the contract and setting up, inter alia, that before the building was completed an injunction was issued restraining the construction of the building on the ground that the contract for its construction was null and void as it involved an increase of the indebtedness of the school district to an amount exceeding two per cent. of the assessed valuation of the property without the assent of the electors; that before plaintiff rendered any services he had full knowledge that the district had no power to enter into the contract; and that both plaintiff and the contractor for the superstructure of the building had notice before any work was done under the contract for the superstructure, of such lack of authority in the district.

By leave of court, the plaintiff amended his statement whereby he waived his claim for that part of his services called for by the contract which was not performed, and claimed only that part of the entire compensation which

was represented by the services actually performed up to the time defendant dispensed with his services.

At the trial the plaintiff testified, and he was uncontradicted, that when the contract was signed the board had not determined upon the size or kind of building, that nothing was said in his conferences with the board as to what the building would cost, and that he did not familiarize himself with the financial standing of the board. He testified at length to the performance of his duties under the contract, extending from the time of his employment down to the time when work was stopped by the injunction; that after the injunction was served upon the board, they notified him that his services were no longer required; and that he had done everything required of him up to that time and all that remained was the superintendence of the part of the superstructure not yet completed. He testified and was corroborated by the testimony of several expert witnesses that the proportion of the work which had been done was about seven-eighths of the entire work and the compensation for the uncompleted portion of the work was worth, under his contract, one per cent. of the cost of the uncompleted portion of the building.

It appears from the testimony that a contract for the foundation work was awarded to C. K. Barnhart under which work was begun in August, 1907, and completed about the middle of November of that year; and that the contract for the superstructure was awarded June 9, 1908, after the reception of bids, to H. L. Kreusler, who did about $35,000 worth of work, beginning in July, 1908, and continuing until stopped by the injunction in September of that year. The debt incurred by this contract increased the indebtedness of the school district beyond the constitutional limit.

The defendant introduced evidence to show negligence and improper performance by plaintiff, but these issues are not involved in this appeal. It also put in evidence the record of the equity case wherein the injunction

was granted restraining the further execution of the work on the ground that the agreement with the contractor was void because at the time when it was made its amount brought the indebtedness of the district above the constitutional limit.

The appellant suggests that the assignments of error raise three questions: (1) Can there be a recovery of any amount; (2) if there can be, should the amendment to the statement have been allowed; (3) was the method of proving the amount of the claim the correct one? The last question is not argued in the printed brief and the second is only referred to in the suggestion that the amended statement had the effect of making the action one on a quantum meruit instead of on an express contract, thereby changing the cause of action declared on in the original statement. This is clearly a misapprehension on the part of the appellant as to the change made in the appellee's claim by the amended statement. It did not change the action to one on a quantum meruit. The original statement declared on a written contract, and claimed a commission on the entire cost of the building. The amendment reduced the amount of the claim to that part of the entire compensation which was represented by the services actually performed by the plaintiff up to the time defendant dispensed with his services. The contract continued to be the foundation of the action and, assuming it to be legal, the plaintiff was entitled to recover. The cause of action was correctly stated in the original statement, and the amendment enabled the plaintiff to state the proper measure of damages. Where a party has partly performed an entire contract and is prevented from completing performance by the act of the other party or by the law, he may recover in an action on the contract, and the measure of his damages is the contract price less the cost of completing the work: Harlow v. Beaver Falls Boro., 188 Pa. 263. We think the amendment did not change the cause of action and was properly allowed.

The important and controlling question in the case is whether there can be a recovery of any amount. In other words, was the contract between the plaintiff and defendant district a valid one, and enforceable at law? The defendant denies there can be a recovery and contends that the plaintiff's agreement was illegal and void because it was an entire contract and depended upon contracts to be made subsequently to it for the amount of work to be done in the construction of the building, and that it was so dependent on and collateral to the illegal contract with Kreusler for the construction of the superstructure that it was itself void.

The plaintiff's contract with the board was one which it was authorized to make and was clearly legal when it was executed. The plaintiff was employed to prepare plans and specifications and superintend the construction of "a suitable school building." It was the duty of the board to provide a proper school building for the district and in discharging this duty, the board was authorized to employ an architect to prepare plans and specifications for the building. There is nothing in the plaintiff's agreement or in the evidence showing that at the time the agreement was made it was contemplated by either party that a subsequent illegal contract would be entered into by the board for the construction of the building, or that the board intended to exceed the constitutional limit of the district's indebtedness in erecting the building, and an assumption of the fact is wholly arbitrary and unwarranted: Dowley v. Schiffer, 13 N. Y. Supp. 552; Lord Howden v. Simpson, 10 Ad. & El. 793. There is no evidence that at the time the plaintiff's contract was made the board did not have ample funds to erect the building, and there is nothing in the case to show that when he entered into the contract and prepared the plans and specifications, the plaintiff knew or had reason to believe that the board would fail to perform its duty by providing sufficient funds in the manner provided by law for the completion of the building.

The plaintiff had the right to assume that the board would keep within the requirements of the Constitution as well as of the law in the construction of the building. It is not pretended that the plaintiff's contract offended the Constitution by creating a debt exceeding the consitutional limit. The school district had at that time funds available for building purposes approximating $100,000. The contract does not describe the building to be erected except as "a suitable building," and does not state the cost of the building. It fixed no definite sum as plaintiff's compensation, but made it depend on the cost of the building which it must be presumed would not violate the Constitution. A contract by a municipal corporation which, when properly construed, does not fix the amount of the liability from its date does not create a present indebtedness within the meaning of a constitutional restriction on municipal indebtedness: 28 Cyc. 1540. The contract was clearly within the power of the board to make and was legal and binding on both parties when it was made.

We do not agree with the appellant's contention that under the facts of this case the plaintiff's agreement became invalid because the board subsequently let the contract to Kreusler for erecting the superstructure for a sum which increased the indebtedness of the district beyond the two per cent. limit fixed by the Constitution. The plaintiff's agreement when made was valid, and did not become illegal by the subsequent action of the board in letting the Kreusler contract. He was not concerned with the ultimate costs of the building and it did not enter into his contract, except as it fixed his compensation. He was not required to see that the board subsequently observed the law in contracting with others and did not unlawfully increase the debt limit in letting any or all of its contracts. It cannot be pretended under the evidence in the case that the plaintiff even suspected that the Kreusler contract was invalid; on the contrary, he had the right to assume and did assume that having

a valid contract with it for his services, the board was not exceeding its powers in the construction of the building. Under these circumstances, therefore, the plaintiff could recover although the board intended when his contract was executed to create a debt exceeding the constitutional limit in the erection of the building. Where an agreement is lawful on its face or is capable of being executed in a lawful way, and the intention of one of the parties is that it be so executed, he is entitled to enforce it notwithstanding the other party intended an illegal act, if he was unaware of the illegal intention: 9 Cyc. 570.

The plaintiff was not compelled to rely on the invalid Kreusler contract to recover compensation for his services. It would hardly be pretended that prior to July, 1908, when Kreusler began work under his contract of June 9, 1908, the plaintiff was rendering his services under that agreement. During the prior period he prepared the preliminary sketches, made the plans, drew the specifications, and superintended the construction of the foundation by Barnhart whose contract is not attacked for illegality. There is no reason, legal or moral, that can be invoked under the facts disclosed by the evidence in the case to defeat a recovery for these services. The remainder of his services were rendered in superintending the construction of the superstructure by Kreusler. These services were performed under his own legal contract and not in pursuance of Kreusler's invalid contract. He was not compelled to and did not put in evidence the Kreusler agreement to support his claim for compensation. The only reference to the Kreusler contract was to establish the amount of work and total cost of the construction up to the time the injunction was issued as a basis for determining the plaintiff's compensation, and these facts could have been proven without even a reference to the agreement. At the most, therefore, the plaintiff's agreement was only indirectly connected with the Kreusler contract, and did not require

its aid to warrant a recovery. In such case the contract is not affected by the illegal transaction and an action on it may be maintained: Swan v. Scott, 11 S. & R. 155; Scott v. Duffy, 14 Pa. 18; Wright v. Pipe Line Co., 101 Pa. 204, 9 Cyc. 556. In the work last referred to it is said, citing numerous cases including our own: "An agreement will be enforced, even if it is incidentally or indirectly connected with an illegal transaction, provided it is supported by an independent consideration, or if the plaintiff will not require the aid of the illegal transaction to make out his case."

The assignments of error are overruled and the judgment is affirmed.