Marshall et al. *v.* Troncelliti, Appellant.

58

Argued December 11, 1928.

Before Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Charles D. McAvoy,* for appellant.—Evidence of the contracts relating to the procuring of funds was improperly excluded: Schwab v. Ginkinger, 181 Pa. 8; Selig v. Rehfuss, 196 Pa. 200; Boon v. Trust Company, 39 Pa. Superior Ct. 65; Winters v. Schmitz, 36 Pa. Superior Ct. 496; Miller v. Fichthorn, 31 Pa. 252.

The measure of damage was the difference between the contract price and the cost of doing the work, less reasonable deduction for the time, risk and responsibility incident to performance: Cornelius v. Lytle, 246 Pa. 205; Spiese v. Mutual Trust Co., 258 Pa. 422.

Evidence of the amount of verbal and written bids without deduction for plaintiffs' time and risk incident to performance was incompetent to establish the measure of damage: Story v. New York and Harvard R. R., 6 N. Y. 85.

*Theodore Lane Bean,* for appellees.—Evidence of the contracts relating to the procuring of funds was properly excluded: William Zoller Co. v. Hartford Fire Ins. Co., 272 Pa. 386; McDonald Construction Co. v. Gill, 285 Pa. 305; Lamborn v. Kirkpatrick, 288 Pa. 114; Keystone Paper Mills Co. v. Penna. Fire Ins. Co., 291 Pa. 119; N. V. Oliefabriken T. Duyvis v. Street, 92 Pa. Superior Ct. 508; Ruth-Hastings Glass Tube Co. v. Slattery, 266 Pa. 288; Hunter v. McHose, 100 Pa. 38; Stump v. Hutchinson, 11 Pa. 533.

The proper measure of damages was as charged by the court, the difference between the contract price and what it would have cost plaintiffs to perform their contract: Clarkson v. Crawford, 285 Pa. 299; Harlow v. Beaver Falls Borough, 188 Pa. 263; Wilson v. Wernwag, 217 Pa. 82.

Evidence of the amount of verbal and written bids was competent to establish the amount of damage which plaintiffs were entitled to recover: Smith v. Kaufman, 30 Pa. Superior Ct. 265; Cope v. Bangor & Portland Traction Co., 39 Pa. Superior Ct. 134; Krauss v. Cohn, 93 Pa. Superior Ct. 101.

OPINION BY TREXLER, J., January 25, 1929:

The plaintiffs brought an action of assumpsit for the loss of profits which they claimed they sustained by reason of defendant's refusal to permit them to carry out a contract for the erection of an apartment house. The written agreement was attached to plaintiff's statement. The affidavit of defense claims nonperformance by the plaintiffs; denies that the defendant prevented them from completing the work and

states that they suffered no loss. The trial resulted in a verdict for the plaintiffs.

The defendant attempted to put in evidence the written contract between himself and one La Boube relating to the financing of the building. This agreement was executed at the same time as the contract with the plaintiffs and the defendant sought to show that the execution of the one induced him to make the other. The trial judge properly excluded the agreement relying upon the 16th section of the Practice Act of May 14, 1915, P. L. 485, which provides that, "Neither party shall be permitted at the trial to make any defense which is not set forth in the affidavit of defense." Ruth-Hastings Glass Tube Co. v. Slattery, 266 Pa. 288.

Defendant further urged that the contract for the erection of the house contained the following clause: "It is understood and agreed that as an advance money agreement is being entered into between A. W. Wolson of Chester, Pennsylvania, and the parties hereto, that payments will be made weekly on account of the above schedule, etc.," and that this must be construed as a provision that if the money was not procured, the contract was not to be carried out. We do not so regard it. The reference to the other agreement seems to be introduced as affecting the method of payments, thus changing from lump sums to weekly payments, if the loan is obtained. The clause does not bear the interpretation placed upon it by the defendant.

The court instructed the jury that the measure of damage was the difference between the contract price and what it would have cost the plaintiffs to perform their contract. In Harlow v. The Borough of Beaver Falls, 188 Pa. 263, similar instructions were given and approved. In Sauer v. McKees Rocks School District, 243 Pa. 294, the court said, "Where a party has partly

performed an entire contract and is prevented **from** completing performance by the act of the other **party,** or by the law, he may recover in an action on the contract, and the measure of his damages is the contract price less the cost of completing the work.'' It is true that it would have been proper to qualify this general statement that there should be a reasonable deduction allowed for the time saved to the plaintiffs by the defendant's breach of contract and the release from the cost, trouble, risk, and responsibility which would have been incident to the full execution of the contract, but the answer to this is that this is merely a qualification of the general rule and it was the duty of the defendant to suggest this phase of the subject which apparently did not occur to him until after the trial. The court, when it charged the jury, asked whether counsel on either side had any further suggestions to make as to the charge of the court? After making suggestions not pertaining to this matter, counsel for the defendant stated that he had nothing further. The proper time to suggest the inadequacy of the charge was when the court asked for suggestions from counsel: McCaffrey v. Schwartz, 285 Pa. 561; Davis v. Cauffiel, 287 Pa. 420, 425; Dravo Contracting Co. v. James Rees & Sons Co., 291 Pa. 387, 393; Gillett v. Yellow Cab Co., 87 Pa. Superior Ct. 365.

The court allowed the plaintiffs to testify as to the bids which they had received, as forming part of the proof of the cost of the buildings. The lower court took the view that these oral and written bids which had been submitted to the plaintiffs should not have been received in evidence unless the contractors themselves were called as witnesses and the court reduced the verdict by a sum sufficient to fully cover such items so that the defendant was not harmed by the reception of such evidence. This he could easily do as the verdict was the same amount shown by the plaintiffs as being

the difference between the contract price and the cost of the proposed building and the objectionable items could easily be ascertained. The sum total of the items premised upon proof of bids received by the plaintiffs, but not proven by the people who furnished them, was thus deducted from the verdict. In view of what we are about to say, we need not decide whether this action of the court was proper, but it seems to have been a common sense method employed to avoid a retrial.

We do not share the view of the lower court that the cost of the building may not be proven by the amount which the plaintiffs would be required to pay for the various materials entering into the construction of the building and that offers made to the plaintiff would not be evidence of such cost. In Smith v. Kaufman, 30 Pa. Superior Ct. 265, the bids for the subdivision of the work which had been tendered to the plaintiff were shown in proof of the profit which the plaintiff might have made. They were evidence of what the labor and material would have cost the plaintiff. In Cope v. Bangor & Portland Traction Co., 39 Pa. Superior Ct. 134, it was held that the plaintiff might show what contracts he had made for the purchase of material. Judge HEAD, who spoke for the court quoted the general rule as laid down in Wilson v. Wernwag, 217 Pa. 82, as follows: "Manifestly, therefore, if the defendant was guilty of a breach of its contract, the plaintiff would have the right to make it reasonably appear to the jury what profits would have been made had the terms of the contract been observed. By what kind of evidence could the plaintiff make plain the desired fact? The contract showed he was to receive $3,750 for doing the work. His profits, if any were made, would necessarily be the difference between that sum and the price at which he could actually complete his commission. To show this

difference he testified to the jury the quantity of the various kinds of material and labor that would be required to do the work. He then proceeded to prove by a number of witnesses that he had made contracts with them for the purchase of the various kinds and quantities of material desired, as well as to show the cost of excavation and removal of dirt under certain favorable arrangements which he had made. Of course, the truth of all of these matters was for the jury, and we think the admissibility of such evidences under such circumstances is again a question that has been authoritatively disposed of." In Krauss v. Cohn, 93 Pa. Superior Ct. 101, the plaintiff was allowed to testify what the cost of the various materials and labors would have been to him. We find no error in the admission of this testimony.

All the assignments of error are overruled and the judgment is affirmed.