Hottinger *v.* Hoffman-Henon Co., Appellant.

Argued January 7, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Yale L. Schekter*, with him *Wolf, Block, Schorr & Solis-Cohen*, for appellant.—The contract was not fully or even substantially performed by plaintiff; hence recovery of the full contract price, with allowance for estimated cost of completion, was improper: McManus v. Cassidy, 66 Pa. 260; Shallenberger v. Mfg. Co., 223 Pa. 220; Sauer v. School Dist., 243 Pa. 294; Ritter v. School Dist., 291 Pa. 439.

The cost of completion was in fact not satisfactorily proved by the evidence with that reasonable certainty required by law: Forrest v. Buchanan, 203 Pa. 454; Lentz v. Choteau, 42 Pa. 435.

The submission of plaintiff's claim for "extra" work, on an alleged "implied" contract, was erroneous: Hertzog v. Hertzog, 29 Pa. 465; Hodges v. Snyder, 261 U. S. 600.

*Harry J. Gerber*, for appellee.—The measure of damages proved by plaintiff was proper: Sauer v. School Dist., 243 Pa. 294; Marshall v. Troncelliti, 96 Pa. Superior Ct. 57; Weintrob's Est., 295 Pa. 374; Phila. v. Tripple, 230 Pa. 480; Knapp v. Teyssier, 96 Pa. Supe-

rior Ct. 193; Witten v. Stout, 284 Pa. 410; Harlow v. Boro., 188 Pa. 263; Shallenberger v. Mfg. Co., 223 Pa. 220; Ritter v. School Dist., 291 Pa. 439.

The cost of completion was satisfactorily proven by the evidence: Marshall v. Troncelliti, 96 Pa. 57; Achenbach v. Stoddard, 253 Pa. 338.

The item of extra work was for the jury: Rose v. Scotts, 75 Pa. Superior Ct. 196; Jacob v. Weisser, 207 Pa. 484.

OPINION BY MR. CHIEF JUSTICE FRAZER, April 13, 1931:

This action is based upon contracts entered into between Hottinger, a decorating contractor, and the Hoffman-Henon Company, which company engaged the former's services to do interior painting and decorating work in the Erlanger Theater in the City of Philadelphia. The first contract which was in writing covered items of "decorative painting" at a contract price of $8,500; to this was later added, by written estimate of plaintiff and oral acceptance by defendant, an agreement by Hottinger to do additional plain painting in the theater for the sum of $2,750. Still later the parties entered into another written agreement under which plaintiff contracted to paint and decorate the theater's asbestos curtain for the sum of $375. Admittedly, the contracts were silent as to the date of completion. Plaintiff began the work in July or August of 1927 and a short time later considerable correspondence between the parties indicates a question in defendant's mind as to whether plaintiff was making proper efforts to complete the work in time for the theater's opening performance and directed him to speed up his work. On September 12, 1927, defendant notified plaintiff by letter that if he did not perform with greater speed within three days, another decorator would be employed to complete the work. Before the expiration of three days defendant discharged plaintiff and placed the work with

another decorator. Plaintiff's basis of claim in this action is that defendant "wrongfully and illegally terminated the above agreements" and "did absolutely refuse to permit the plaintiff to continue in the performance and completion of the said contracts." In this action plaintiff sought to recover $11,625 less $7,000 he acknowledged having received on account, and also less $2,000 allowed for the cost of completion, in other words, under the contracts $2,625 was due. In addition to this amount, plaintiff claimed $1,000 for extra work defendant had ordered, making a total claim of $3,625, with interest from September, 1927. Defendant resisted liability upon the ground that plaintiff's work was dilatory, unskillful and defective, and set up a counterclaim for alleged defective work and money paid to complete the painting and decorating. The counterclaim was in excess of the balance sued for. Plaintiff offered evidence to show that the delay was not his fault but due to the fact that the architect employed by defendant was slow in approving samples of work plaintiff was required to submit and by continually requiring that he make changes in the work done.

The questions of what was a reasonable time for completion of the work, who was at fault for the delay, and plaintiff's right to recover for extra work were submitted to the jury under a clear and explicit charge. The jury found for plaintiff and allowed the full amount of his claim—$4,137.60.

To establish his damage, plaintiff proved the contract price and the cost of completion. Defendant argues that the measure of damages adopted by the trial court was erroneous in that plaintiff should have been required to show, not only what it would have cost him to complete the work remaining to be done, but the cost of all work actually done under the agreements. Where a contractor has partly performed an entire contract and is prevented from completing performance by the act of the other party or by law, we have said that he

may recover in an action on the contract, and the measure of his damages is the contract price, less the reasonable cost of completing the work: Harlow v. Beaver Falls Boro., 188 Pa. 263; Sauer v. McKees Rocks School Dist., 243 Pa. 294. See also Marshall v. Troncelliti, 96 Pa. Superior Ct. 57. Plaintiff is entitled to his profits: Weintrob's Est., 295 Pa. 377. These profits are measured by "the total price promised less the cost of completing the work"; such measure will put the contractor "in as good a position as he would have been in had there been no breach": III Williston on Contracts, section 1363, page 2434. Plaintiff's damage is correctly computed upon this basis, in cases like the present. No necessity exists that he offer evidence of the cost of the work already completed and turned over to defendant, for that item is governed by the contract price in measuring damages.

Defendant seeks to invoke the doctrine of substantial performance because about twenty per cent of the contract work remained to be done at the time the breach occurred. This is not permissible, for the jury's verdict represents a finding that the breach was by defendant, not the plaintiff. Inasmuch as he was not at fault, there is a presumption of such substantial performance on the part of plaintiff as would have concluded in complete fulfillment of the contract specifications had defendant not prevented.

As to proof of the cost of completion, an examination of the record shows that plaintiff's evidence is sufficient to show with reasonable certainty what such cost would have been. Plaintiff testified in detail as to the part of the work completed, stated he could have completed the balance before the opening date or in sixteen days, gave the number of men employed and the cost of materials necessary for completion, and referred in detail on cross-examination to specific items of work remaining to be done when he was summarily stopped. Further details were supplied by one of defendant's own witnesses, so

that, viewing the record as a whole, we find ample evidence on this point to support the verdict.

The claim of $1,000 for extra work was based upon a request of defendant under circumstances implying an agreement to pay at least the reasonable market price of the labor and materials. As this extra work was in addition to that called for by the contract, plaintiff was entitled to compensation therefor: Phillips v. American Cement & Title Co., 220 Pa. 141; Lever v. Lagomarsino, 282 Pa. 110. Clearly this claim was also for submission to the jury and their verdict settles the issue.

The judgment is affirmed.