## Busse v. Center Township School District

*George A. Baldwin,* for plaintiff.
*Clyde Holt,* for defendant.

BRAHAM, P. J., fifty-third judicial district, specially presiding, May 5, 1944.—Plaintiff had a contract to build a schoolhouse for defendant. Soon after construction was started the War Production Board, by its order no. 41 (C. C. H. War Law Service, Priorities 2, par. 37,092), forbade further building and by later orders required an award of priorities before certain materials might be secured. Plaintiff, contending that the school board by its architect had forbidden him to proceed because of lack of priorities, brought suit on his contract. The question of the authority of the architect was submitted to the jury. The jury awarded a verdict to plaintiff in the sum of $890.56. Defendant has filed a motion for judgment non obstante veredicto and a motion for new trial.

It is often difficult to determine whether responsibility for inability to proceed with a building contract because of interposition of the law falls upon the owner or the builder. This is particularly true during wartime conditions such as now prevail when various governmental agencies have the right to issue summary orders which have the force of law. The trial judge in this case met the difficulty by ruling that so long as the

prohibition against building was absolute the responsibility for loss incident thereto was upon the defendant owner, this conformable to the principles laid down in Harlow v. The Borough of Beaver Falls, 188 Pa. 263; but when the only impediment to building was the necessity for obtaining priorities for material the responsibility was upon the plaintiff builder who conceivably had the necessary materials in stock. The jury was so instructed and since no exception is taken on this point no further comment on the subject is necessary.

The agency of the architect was properly submitted to the jury. The contract gave the architect general powers to supervise and direct the work and power to interpret the contract, plans, and specifications. According to plaintiff's showing there was evidence from which it might be found that defendant had ratified everything done by the architect by way of stopping the work. The act of a municipality may be proved other than by its minutes or other writings: Cooper v. Plymouth Twp. School Dist., 39 Pa. Superior Ct. 485; Hagan Lumber Co. v. Duryea School District, 277 Pa. 345.

It is now contended that the case was tried and submitted to the jury on an erroneous measure of damages. This is the principal question for decision. Plaintiff proceeded upon a demand for his out-of-pocket expense in proceeding with the work. To this end he alleged and proved labor cost incurred in doing a small amount of excavation and in putting in the footers, his expense for engineering services, the indebtedness incurred in causing materials to be prepared by subcontractors and his overhead expense. The affidavit of defense did not challenge this as the appropriate measure of damages nor did defendant object on this score as evidence was offered by plaintiff. Defendant's principal reliance was upon the contention that the architect had no authority by appropriate resolution of defendant to empower him to stop the work.

At the conclusion of the evidence defendant advanced the contention that the true measure of damages in a case such as ours is the contract price less the reasonable cost of completing the work. This is undoubtedly the correct rule under such circumstances. In Hottinger v. Hoffman-Henon Co., 303 Pa. 283, 286, the principle is stated thus:

"Where a contractor has partly performed an entire contract and is prevented from completing performance by the act of the other party or by law, we have said that he may recover in action on the contract, and the measure of his damages is the contract price, less the reasonable cost of completing the work: Harlow v. Beaver Falls Boro., 188 Pa. 263; Sauer v. McKees Rocks School Dist., 243 Pa. 294. See also Marshall v. Troncelliti, 96 Pa. Superior Ct. 57. Plaintiff is entitled to his profits: Weintrob's Est., 295 Pa. 374. These profits are measured by 'the total price promised less the cost of completing the work'; such measure will put the contractor 'in as good a position as he would have been in had there been no breach': III Williston on Contracts, section 1363, page 2434."

Defendant's previous objection to plaintiff's proof had been of a different character—lack of qualification in the witness, variance between pleading and proof, and the like. Even defendant's second point, the refusal of which is the basis of the fourth and sixth reasons for a new trial, does not raise the complete point. It denies plaintiff's right to recover for any materials not actually delivered on the ground but does not affirm the general rule of damages for which defendant now contends.

Defendant's present contention leaves out of consideration another principle of the law of damages. Often it is difficult to prove the cost of completion. This is true in the present case where work had just begun. The rule of Hottinger v. Hoffman-Henon Co., supra, applies most clearly where most of the work has been

done. Where, on the other hand, most of the work remains undone it would be more speculative and uncertain to follow the rule allowing the difference between contract price and cost of completion than to allow plaintiff to recover for his out-of-pocket expense. The rule in such cases is stated in A. L. I. Restatement of Contracts §333, as follows:

"When Damages May Be Measured By Expenditures In Part Performance.

"The amount of the plaintiff's expenditure, reasonably made in performance of the contract or in necessary preparation therefor, is included in compensatory damages, with the following limitations:

"(a) Such expenditures are not recoverable in excess of the full contract price promised by the defendant.

"(b) Expenditures in preparation are not recoverable unless they can fairly be regarded as part of the cost of performance in estimating profit and loss.

"(c) Instalments of the contract price already received and the value of materials on hand that would have been consumed in completion must be deducted.

"(d) If full performance would have resulted in a net loss to the plaintiff, the amount of this loss must be deducted, the burden of proof being on the defendant."

The language of section 333(c) would seem to indicate that any materials in plaintiff's hands would not be chargeable as expense but the discussion makes it clear that only materials which might be used elsewhere are meant. The Pennsylvania authorities support the Restatement. In Rogers v. Davidson, 142 Pa. 436, plaintiff had a contract to put up a saw-mill on defendant's lands and cut timber. When performance was prevented by defendant it was held that plaintiff's measure of damages was compensation for the loss actually sustained by him in preparation for the execution of his contract and in part performance thereof. In De Paolo v. De Romo, 346 Pa. 654, 659, the rule of

the Restatement and of Rogers v. Davidson, supra, is affirmed.

The question of Henry Busse's damage was submitted to the jury in substantial conformity with the principles just stated. When evidence was being produced, no objection that the true measure of damages was the difference between contract price and cost of completion was ever made. Nor was there objection that the materials must have been incorporated in the work or at least delivered on the job. Various objections were made but not this one. The principles stated in Weintrob's Estate, 295 Pa. 374, cited in defendant's brief are not in conflict with our fundamental conclusions. In that case plaintiff was allowed to recover his expenditures and was not held to the rule of Hottinger v. Hoffman-Henon Co., supra. There was controversy about materials not affixed to or delivered on the premises, the court holding that the general rule affirming ownership of such materials in plaintiff gives way when the materials are fabricated in such a way as to be unsalable to others. In the present case plaintiff's witnesses testified to a number of such articles—cut stone, steel sash, wardrobe-hardware and the like. In the Weintrob case the rule of section 63(3) of The Sales Act of May 19, 1915, P. L. 543, was applied; the suit was for the fabricated material held as the property of defendant. Just so in the present case plaintiff and his witnesses indicated that the materials are held for defendant.

When the case was submitted to the jury plaintiff's bill was sent out with the request that the jury mark such items and amounts as it approved. Inspection of the list as returned by the jury indicates that, in addition to the items of steel lintels and complete finishing hardware which were withdrawn by plaintiff, the jury rejected the claim for money due to the painting subcontractor and allowed only one half of the claim for a contractor's fee.

If there be error in the record, so far as the measure of damages is concerned, it consists solely in the failure to give more explicit instructions. But none were asked for. Defendant has taken no consistent stand with respect to the measure of damages and hence is in no position to complain. In any event no exception was taken to the general charge of the court.

Plaintiff's second point as drawn was obviously erroneous. The right to recover turns not alone on whether the property was delivered but whether it is fit for use by others. Under the verdict defendant is entitled to the wardrobe hardware, stored in plaintiff's warehouse, the cut stone in the warehouse of the Ardeline Stone Company, the millwork in the warehouse of Hoffman Lumber Company, and the steel sash in the warehouse of E. K. Geyser. There are some difficulties in this disposition of the matter but perhaps not more than are inherent in the situation and, in any event, defendant has something to show for its money. The same difficulties would confront us had the rule of the Hottinger case been followed. The stuff has been fabricated and is not generally useful. What is to be done with it? The administration of justice is a practical matter. Perhaps the exasperating features will move the parties to compromise their difficulties.

We have given the case very careful consideration. It was submitted in accord with the proper theory of damages. No further instructions were asked for because neither side was clear on its own views. The result is reasonable. Entertaining these views we make the following

### Order

Now, May 5, 1944, defendant's motions for judgment non obstante veredicto and for a new trial are each severally overruled and refused.