# Krauss *v.* Cohn or Cohen, Appellant.

*Building contract—Breach—Damages—Excessive verdict—Review on appeal.*

In an action of assumpsit by a contractor to recover damages resulting from defendant's refusal to permit the performance of a contract to build a house, a verdict reduced under a remittitur to $750.00 is not excessive where there was evidence that that sum represented the difference between the contract price and what it would have cost the plaintiff to perform.

The appellate court, in determining whether the trial judge abused his discretion in approving the amount of the verdict, will not weigh and investigate the evidence. Such question will be reviewed only where the verdict is so grossly excessive as to shock the sense of justice of the appellate court, and where the impropriety of allowing it to stand is so manifest as to show a clear abuse of discretion.

Argued October 20, 1927. Appeal No. 242, October T., 1927, by defendant from judgment of M. C., Philadelphia County, August T., 1924, No. 111, in the case of Abraham Krauss v. Rose Cohn, also known as Rose Cohen. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit to recover for the breach of a contract to build a house. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,000. Subsequently, the plaintiff remitted the amount of the verdict in excess of $750 and the court entered judgment on the verdict, as remitted. Defendant appealed.

*Errors assigned* were to the excessiveness of the verdict and the refusal of defendant's motion for a new trial.

*M. B. Elwert*, and with him *Samuel W. Salus*, for appellant.

*Edward I. Weisberg*, and with him *David N. Feldman*, and *Joseph G. Feldman*, for appellee.

OPINION BY CUNNINGHAM, J., March 2, 1928:

These facts are not in dispute under the evidence in this case. Plaintiff and defendant executed a building contract April 25, 1924, under the provisions of which it was agreed that plaintiff, a builder, should demolish

a house owned by defendant at No. 1315 Bainbridge Street, Philadelphia, and build, in accordance with attached plans and specifications, a new combined store room and dwelling. The consideration was to be $5,000, payable in specified payments as the work progressed. When the contract was made the house to be torn down was vacant and plaintiff was given the keys. He obtained the necessary building permit on April 30, 1924. Neither the contract nor the specifications fixed a date for the beginning or the completion of the work, but plaintiff testified that defendant instructed him to be ready to begin the work on May 1, 1924. Upon the arrival of plaintiff and his employes at the premises on that date, prepared to begin the demolition and removal of the old dwelling, he found it occupied by a tenant and defendant refused to permit him to proceed with the work provided for in the contract. The result of an action in the Municipal Court for the damages suffered by plaintiff through defendant's breach of the contract was a verdict by a jury for plaintiff in the sum of $1,000. Defendant moved for a new trial and for judgment in her favor n. o. v. The trial judge denied the motion for judgment n. o. v., but made a conditional order granting a new trial unless plaintiff remitted the portion of the verdict in excess of $750. The remittitur was filed; judgment was entered for the reduced amount and we have this appeal by defendant.

The only question involved under the assignments is whether the court below abused its discretion in entering judgment on the verdict as reduced. At the trial plaintiff endeavored to show his damages by testifying what it would have cost him to furnish the materials and labor called for under each of the fourteen items into which the proposed construction was divided in the specifications—demolition, excavating, masonry, etc. The aggregate of these items according to his

estimate was. $4,225 as against the consideration of $5,000, which he would have been entitled to receive if defendant had permitted him to perform the contract. Counsel for defendant argue that plaintiff's estimates are not sufficiently reliable to support the verdict. They refer particularly to the item for carpenter work and point out that at one place in his testimony plaintiff stated that this item would have cost him $600, but later said that he estimated this work would have required two carpenters for a period of ninety days at a wage of $49.50, each, per week, a sum considerably larger than his first estimate. Defendant offered no estimate of the cost of this or of any other item. It has been repeatedly ruled that it is not the function of an appellate court, in determining whether there has been an abuse of discretion by the trial judge in approving the amount of a verdict, to investigate and determine the weight of the evidence. The question of the amount of a verdict will be reviewed only in cases where it is so grossly excessive as to shock our sense of justice and where the impropriety of allowing it to stand is so manifest as to show a clear abuse of discretion on the part of the court below: Scott, Admx., v. American Express Company, 257 Pa. 25. We are not persuaded that there has been an abuse of discretion in this case.

Judgment affirmed.