Opinion by
Rice, P. J.,
This was an action of assumpit to recover rent on an oral lease of a farm. There was no dispute as to the amount of rent which, but for the set-off claimed by the defendant, would have been recoverable on October 1, 1907, the defendant having removed from the premises a month earlier. The defendant claimed a set-off arising, as alleged, out of *542 the plaintiff’s refusal to permit him to remove the manure and certain buildings he had erected. There was a dispute as to the right of the defendant to do this, the determination of which depended upon the contract between the parties. Upon this subject the learned trial judge charged as follows: “If there was a contract between Mrs. Murdoch and the plaintiff, acting through her agent, and the defendant by which the defendant was to occupy these premises as lessee, was to be entitled to the manure and was to be entitled to take away any building that was on the premises erected by him, he to pay $400.00 a year rent, then the defendant was entitled to that manure, and he was entitled to take away the buildings, provided he paid his rent.” Again he said: “If there was no contract made, by which the defendant was to take all the manure and remove his buildings, then of course the plaintiff is entitled to recover the rent, and the defendant is not entitled to set off what he claims to have lost by reason of being deprived of the privilege to take the manure and remove the buildings.” Interpreting the verdict of the jury in the light of these and other instructions contained in the general charge and the answers to points, it implies a finding that there was a contract which gave the defendant the right to remove the manure and the buildings. We deem it enough to say, without going into a detailed recital of the evidence bearing upon this disputed question of fact, that there was sufficient evidence to warrant its submission to the jury, and to sustain their finding.
As to the tender of or offer to pay the rent while the relation of landlord and tenant was subsisting, and before the defendant removed from the premises (which the court charged was essential to sustain the set-off), two views were permissible under the conflicting evidence, and it was for the jury to determine which was the correct view. One was that the defendant’s offer was simply that he would pay after he had taken the manure and buildings away, and refused to pay before. Clearly, if that be the correct version, no such tender or offer of the rent was *543 made as, under the instructions of the court, would sustain the claim of set-off, and so the learned judge plainly instructed the jury. The other view was that the defendant’s offer was not simply that he would pay after he had removed the manure and the buildings, but that he would pay then if he could receive some assurance that he could remove the buildings and manure afterwards. The distinction was clearly pointed out in the charge, between an offer to pay presently and an offer to pay after he had been permitted to exercise the right which he claimed the contract gave him; and the verdict of the jury clearly implies that the offer was to pay presently, and was not made conditional upon his previous removal of the property. Upon this subject the defendant testified: "Well, we talked the matter over, and I told him I would pay him the rent if he would turn around and give me an understanding that I could take that manure and stable off that I put on there and he said he wouldn’t do it.” We also 'refer to the following extract from his testimony on cross-examination: "Q. Did you make any tender of the rent then? A. I told him I would give him the rent. Q. Did you make any tender of it, produce the money, and offer to pay? A. I told him I had a check in my pocket and I would pay him the money if he would give me what I asked. Q. If he would let you take the stuff' away? A. That I put on there.” It further appears that the plaintiff claimed rent to April 1,1908, instead of to October 1, 1907. And, under a view of the defendant’s testimony which the jury could take, the plaintiff not only refused to give the assurance which the defendant asked for, but refused to recognize the right which he claimed, and which the contract gave him. What the parties said, and what they meant by what they said, was for the jury: Maynes v. Atwater, 88 Pa. 496. And, while we by no means declare that the construction which the jury put upon the conversation was the only correct one, we are of opinion that it was permissible under the evidence. Assuming the fact to be as claimed by the defendant and as the jury *544 could find it to be under the evidence, we cannot say that a technical legal tender of the money was absolutely essential to entitle the defendant to remove the manure and buildings. In Smith v. Lewis, 26 Conn. 110, one of the cases cited by appellant’s counsel, the principle was thus stated: “Some misapprehension or confusion appears to have arisen from the mode of expression used in the books in treating of the necessity of a tender or offer by the parties as applicable to the case of mutual and concurrent promises. The word Hender’ as used in such a connection does not mean the same kind of offer as when it is used with reference to the payment or offer to pay an ordinary debt due in money where the money is offered to a creditor, who is entitled to receive it, and nothing further remains to be done before the transaction is completed and ended; but-it only means a readiness and willingness accompanied with an ability on the part of one of the parties, to do the act which the agreement requires him to perform, provided the other will concurrently do the things which he is required to do, and a notice by the former to the latter of such readiness. Such readiness, ability and notice are sufficient evidence of and indeed constitute and imply an offer or tender in the sense in which those terms are used in reference to the kind of agreements which we are now considering. It is not an absolute unconditional offer to do or transfer anything at all events, but it is in its nature conditional only, and dependent on and to be performed only in case of the readiness of the other party to perform his part of the agreement.”
It is further contended that, if any cause of action arose from the plaintiff’s refusal to permit the removal of the manure and buildings, the form of action would necessarily be trespass and not assumpsit, for which counsel cites Groetzinger v. Latimer, 146 Pa. 628. But it is pointed out in the opinion of the learned trial judge, overruling the motions for a new trial and for judgment non obstante veredicto, that neither at the trial nor at the oral argument of these motions was any question raised *545 as to the right of defendant to recover in this proceeding, by way of set-off, his claim as presented in the pleadings and his testimony. It seems, however, to have been raised before the court in a brief subsequently filed. But there is nothing in the record to show that it was specifically raised on the trial. On the contrary, the plaintiff filed an answer to the claim of off-set, going to the merits, and, inter alia, denying that there were 1,400 loads of manure upon the premises and that the buildings were worth $200, as alleged in the claim of set-off, and demanding proof of these allegations. Moreover, as the learned judge says, his claim arose out of the same contract upon which the plaintiff sued, and included nothing which could not be easily liquidated. Under all the circumstances, there having been a fair trial upon the merits, we are of opinion that the technical objections now raised should not prevail.
The judgment is affirmed.