## Myer Feinstein Company, to use, *v.* De Vincent, Appellant.

Argued October 6, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Michael A. Foley,* for appellant.

*Oscar Rosenbaum,* for appellee.

OPINION BY BALDRIGE, J., January 28, 1943:

In this action upon a contractor's performance bond, an appeal has been taken by Alfonso De Vincent, defendant-obligor, from the action of the court below in refusing his motions for judgment n.o.v. and a new trial and entering judgment in the sum of $735 upon a finding in favor of Edward G. Holloway, Inc., the use plaintiff, for whom the work in question was to have been performed.

The material facts may be thus summarized: On October 11, 1940, the defendant, a bricklaying contractor, entered into a written contract with the use plaintiff in which he agreed to perform all the bricklaying required in connection with the contemplated construction of "thirty-two two-story dwellings with garages." On the same date the defendant executed the bond, upon which this suit is based, in the sum of $10,400, conditioned upon the faithful performance of his contract. The obligee therein was the legal plaintiff, Myer Feinstein Co., which had agreed to assist the use plaintiff in securing the necessary funds to finance its building operation and gave the defendant its written guarantee covering payment of the sum to become due from the building corporation in connection with the brick work upon the first unit of *twenty* houses.

Pursuant to a warrant of attorney authorizing confession of judgment contained in the bond, the use plaintiff had judgment entered thereon and subsequently marked to its use as third party beneficiary. Damages

were assessed at $735, upon the filing of an averment of default, with a copy of the contract attached, alleging defendant had failed to perform any of the work agreed upon, as a result of which the use plaintiff had been required to expend the additional sum of $350 for the brick work in the twenty house unit and would be compelled to pay $385 in excess of the contract price on the balance of the houses "which said sums were just, reasonable and the market prices of same at the time in question."

The defendant thereafter filed a petition alleging that the contract had been cancelled by mutual consent after the use plaintiff refused to secure a guarantee from Myer Feinstein Co. covering payment for the brick work on all *thirty-two* houses, as demanded by defendant. Attached to the petition as an exhibit was a copy of a letter dated November 7, 1940, addressed to defendant by Myer Feinstein Co., asserting its guarantee was void since it had received from Mr. Holloway, president of the use plaintiff, a release signed by defendant "releasing *Mr. Holloway*" from the contract. (Italics supplied) The court granted a rule to show cause why the judgment should not be opened and a defense be permitted. After an answer was filed and argument had the rule was made absolute.

The case was then transferred to the Municipal Court for trial where it was heard by BONNIWELL, J., without a jury, who, at the suggestion of defendant's counsel, unopposed by the attorney for the use plaintiff, permitted the averment of default to be considered as the statement of claim and the petition to open the judgment as the affidavit of defense.

The real question in this case was whether the contract had been cancelled by mutual agreement. The court below held it was not and found upon sufficient competent evidence in favor of the use plaintiff in the sum of $735.

Counsel for defendant insists that the use plaintiff's proofs were fatally defective on the question of damages in that a bald statement as to the amount expended without showing that it was the fair, reasonable and market cost of completing the work, furnished an insufficient basis for the verdict. It is true that the use-plaintiff's testimony contained nothing directly establishing the reasonableness of the price paid Bennis & McGough who actually performed the work in question. Edward G. Holloway, president of the use plaintiff, testified without objection that his corporation had to pay to have the work done $1315 in excess of the contract price agreed to in writing by the appellant.

Counsel for defendant did not attempt by cross-examination of the witness or otherwise to impeach the reasonableness of these figures. Under our decision in *Huskey Mfg. Co. v. Friel-McLeister Co.*, 84 Pa. Superior Ct. 328 a verdict for even $1315 might have been sustainable. We there said, page 333: "Where the subject of a contract relates to building or construction, the measure of damages is the reasonable cost to the owner of completing the contract, and where there is no other evidence on the subject the actual cost to the owner is *some* evidence of the reasonable cost of completion. In *Michigan Lubrication Co. v. Ontario Cartridge Co.*, 275 Fed. 902, the court sustained the admission of evidence as to the cost of a substituted article because it tended to establish the measure of damages. In *City of New York v. Second Avenue R. Co.*, 102 N. Y. 572, where the defendant was bound to make repairs in a city street and neglected so to do and the city proceeded to make the repairs and purchased the necessary materials, where it appeared that the work had been done in the usual manner by agencies usually employed in the prosecution of such work, it was held that proof of the *cost* of the repairs was *prima facie evidence in the absence of any evidence of fraud or impeachment of*

*the reasonableness of the charge."* (Italics supplied.)

But the verdict was not in the sum of $1315 and therefore was obviously not based upon the use plaintiff's so-called "bald" statement as to actual cost; it was in the amount of $735. The latter sum was alleged to be the "just, reasonable and market" price in the averment of default which was considered by the court, without objection, as the statement of claim; the averment of default was offered and received in evidence and the question of damages included therein was in no way denied in the petition to open the judgment (considered as the affidavit of defense) or elsewhere. Throughout the case defendant was content to defend on the basis of a cancellation of the contract, making no criticism as to the propriety of the damages claimed which he must have known would be the minimum amount of the verdict should the contract be found enforceable. These admitted averments therefore constitute a proper basis for the finding entered. It is not our province to disturb it. Our Supreme Court in *Massachusetts Bonding & Ins. Co. v. Johnston & Harder, Inc.,* 343 Pa. 270, 22 A. 2d 709, recently stated: "If it becomes the duty of the court below to award damages for breach of contract, it must be kept in mind that no more can be recovered as damages than will fully compensate the party injured. There is no formula by which this amount can be determined with mathematical precision. In *Weinglass v. Gibson,* 304 Pa. 203, 207, 155 A. 439, in an opinion by the present Chief Justice, it was said: 'Where there is a basis in the evidence for a reasonable computation of the damages suffered considering the nature of the transaction, a verdict may be based thereon, though there may be involved some uncertainty about it: *Singer Mfg. Co. v. Christian,* 211 Pa. 534; *Jessup & Moore Paper Co. v. Bryant Paper Co.,* 297 Pa. 483; *Wilson v. Wernwag,* 217 Pa. 82.'"

Appellant's assignments of error are severally overruled.

Judgment affirmed.