## Goldsman et ux. v. Litman

314

*Sundheim, Folz, Kamsler & Goodis*, for plaintiffs.
*E. Unterberger*, for defendant.

WINNET, J. December 30, 1948.—Plaintiffs have brought suit against defendant on two grounds: (1) To recover a deposit of one year's rent made contrary to the controlled housing rent regulation; liquidated damages of $50, and reasonable counsel fee under the Emergency Price Control Act of January 30, 1942, 56 Stat. at L. 25, and (2) to recover damages for a breach of the lease under which defendant was to furnish plaintiffs garage facilities. Defendant's answer denies any violation. It alleges an offer to return the balance of the deposit and a willingness to credit plaintiffs with $5 per month for garage facilities which plaintiffs could not use.

At the trial it was admitted that at the time the lease was executed on June 30, 1947, for a terms of one year, the annual rental of $1,164 was paid in advance. Defendant denied that it was paid at his demand. I am convinced and find as a fact that the deposit of a year's rent was not voluntarily offered by

plaintiffs but was given at the demand of defendant. This was in violation of the effective housing regulation prohibiting such security deposits.* It was admitted also that defendant did tender a return of six months' rent, the amount of the excess at the time demand was made. This tender, however, was coupled with terms which plaintiffs found objectionable, such as the execution of a new lease upon a month-to-month basis with the omission of garage facilities, and with a credit to plaintiffs of $5 per month for such omission. A tender to be effectual must be without conditions: Murdoch v. Groves, 51 Pa. Superior Ct. 539.

Plaintiffs are clearly entitled to a recovery on the first ground of the action brought. We are not required to order a refund of the deposit at this time since the accrued rent up to the date of trial has exhausted the amount of the deposit. Plaintiffs are entitled to interest on this sum of money which was illegally held by defendant. Computing the interest on an average period of six months, plaintiffs would be entitled to the sum of $34.92. Plaintiffs would be entitled further to the penalty of $50 provided by the Emergency Price Control Act. They are also entitled to reasonable counsel fee. When suit was brought plaintiffs were seeking to recover over $500. The trial of the cause was an extended one. A reasonable counsel fee under the cir-

---

* C. C. H. Business Control Law, sec. 81053 (2c):

"(c) Security deposits.—(1) General prohibition. Regardless of any contract, agreement, lease or other obligation heretofore or hereafter entered into, no person shall demand, receive or retain a security deposit for or in connection with the use or occupancy of housing accommodations within the Defense-Rental Area except as provided in this paragraph (c). The term "security deposit", in addition to its customary meaning, includes any prepayment of rent except payment in advance of the next periodic installment of rent for a period no longer than one month but shall not include rent voluntarily prepaid subsequent to possession by a tenant under a written lease for his own convenience."

cumstances is $200. The total to which plaintiffs are entitled on this ground in the action is $284.92.

The written lease provided that defendant was "to give lessee full use and privilege of the garage at no additional cost to lessee." When plaintiffs entered into possession and attempted to use the garage they found that it was to serve two tenants. The garage was already occupied by one of the tenants and plaintiffs were unable to get their car in it.

This was one of the main issues at the trial. The only testimony on behalf of plaintiffs was that the garage measured 13 feet 9 inches from wall to wall. There was a dispute as to the size of the door to the garage and the testimony of defendant was that it was 14 feet. Defendant offered no testimony as to the actual width of the garage. Plaintiffs' Cadillac car measured 6 feet 8⅜ inches. Even if we were to say that defendant was not obliged to furnish a garage for a wide Cadillac car, nevertheless, all cars are approximately 6 feet in width, and it requires no extended argument that a garage 14 feet in width cannot serve two automobiles 6 feet wide. It would require great ingenuity to fit two cars into such a space. The automobiles would have to be maneuvered with a clearance of 8 inches between walls and between each other. Plaintiffs cannot be called unreasonable in refusing the facilities under the terms of the agreement. The privilege of using a garage carries with it reasonable means of ingress and egress. There was a breach of the contract in this respect.

Defendant apparently realizing this, is willing to allow plaintiffs $5 per month on the theory that the total rent calculated for the apartment and fixed by the rent control authorities, allowed $5 as an item for the garage facilities. This may be true but defendant cannot limit the amount of recovery by the fact that he was to be paid only $5 for such facilities. As a

result of the breach plaintiffs were required to find another garage. The measure of the plaintiffs' damages is the amount which will compensate them for the loss which a fulfillment of the contract would have prevented: Harman v. Chambers, 358 Pa. 516; Feinstein, to the use, etc., v. De Vincent, 151 Pa. Superior Ct. 254.

Plaintiffs were required to hire space for their automobile in a neighboring garage and to pay the sum of $17 per month. The price is reasonable under the circumstances.

Counsel for defendant objected to the court's examination of one of the plaintiffs in an attempt to mitigate damages to give defendant an allowance for the extra services which plaintiffs were obtaining in the garage they were compelled to rent. The testimony was that plaintiffs were unable to get dead storage in the immediate neighborhood. As a result the only kind of garage facilities which they could obtain was live storage which included the washing and care of the automobile. Strictly speaking, since defendant himself, through his counsel, objected to any testimony to discover the amount of the extra services, the damage to plaintiffs should be at the rate of $17 per month. Defendant, however, should not be required to furnish additional services even though plaintiffs could not get the identical ones called for by the contract. The amount originally claimed was $11 per month. This was subsequently amended to $17 per month. We shall fix plaintiffs' damages at $11 per month.

Leave was given at the trial to plaintiffs to amend their statement of claim to include damages up to November 21, 1948, for a total of 15 months. The Rules of Civil Procedure allow amendments of the pleadings to include damages accruing after the filing of the complaint up to date of trial: Pa. R. C. P. 1033, Goodrich-Amram, p. 103. Plaintiffs are entitled to recover as damages for the breach of the garage clause of the

318

lease for the period of 15 months, the sum of $165 with interest for the average period of seven and one half months of $6.18, or the total sum of $171.18.

The court finds for plaintiff in the sum of $456.10.