Magar *v.* Lifetime, Inc., Appellant.

Argued June 10, 1958. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

reargument refused October 3, 1958.

Before GRIFFITHS, J.

*Stephen J. Korn,* with him *Nathan L. Posner,* and *Fox, Rothschild, O'Brien & Frankel,* for appellant.

*Pershing N. Calabro,* for appellee.

OPINION BY HIRT, J., September 11, 1958:

The plaintiff is a home owner in Philadelphia. The defendant corporation is engaged in the "home improvement business" with offices in that city. On February 26, 1955 the defendant by written contract with the plaintiff, undertook to "apply plastic plastering" on the four exterior walls of plaintiff's cement block house for a consideration of $1,100. In this action the plaintiff alleged that the material applied to the building was not in conformity with the samples submitted by defendant at the time the contract was entered into; also that the material was improperly applied; and sought damages resulting from defendant's failure to perform the work in accordance with its

contract. Along with the contract plaintiff had signed a note for $1,100 payable in 36 monthly payments of $36.69 each which defendant discounted at a bank two weeks after the work started. Prior to the trial of this case plaintiff had paid a total of $1,320.84 to the bank, which had financed the plaintiff's obligation, in satisfaction of the note. Although plaintiff did not allege complete failure of performance, the jury found for the plaintiff in the sum of $1,320.84. The amount of the verdict is the exact contract price of $1,100 plus $220.84 representing the financing charges, including interest, incurred by plaintiff on his obligation to the bank which had purchased his note. The judgment entered on the verdict will be reversed.

"Damages are never presumed; the plaintiff must establish by evidence such facts as will furnish a basis for their assessment according to some definite and legal rule": *Rice v. Hill,* 315 Pa. 166, 172, 172 A. 289; *Maxwell v. Schaefer,* 381 Pa. 13, 21, 112 A. 2d 69. Where a claim is for pecuniary damages the evidence must fix the actual loss with reasonable precision through witnesses with knowledge of the facts. *Forrest v. Buchanan,* 203 Pa. 454, 53 A. 267. Cf. *Friese's Estate,* 336 Pa. 241, 246, 9 A. 2d 401. " 'Where the subject of a contract relates to building or construction, the measure of damages [for breach by the contractor] is the reasonable cost to the owner of completing the contract . . .' ": *Myer Feinstein Co. v. De Vincent,* 151 Pa. Superior Ct. 254, 257, 30 A. 2d 221; Restatement, Contracts, §346.

The contract by its terms specifically stated the extent of the contractor's liability for defective performance, in this language: "Contractor guarantees that all materials furnished by it will be of standard quality free from defects and will be installed or applied in a good and workmanlike manner for a period of one

year from date of installation. The liability of the Contractor for defective material or installation under this guarantee is hereby limited to the replacement or correction of said defective material and/or installation, and no other claims or demands whatsoever shall be made upon, or required to be allowed by the Contractor." The limitation of liability for damages thus agreed upon in the contract, was valid and enforceable. Restatement, Contracts, §339, comment (g); 38 C.J.S. Guaranty, §56. By way of analogy cf. Uniform Commercial Code of April 6, 1953, P. L. 3, §2-719, 12A PS §2-719.

The work was performed in March 1955. Under the contract damages were limited to the period of one year from installation. There is evidence that within that period the paint-like material, which had been applied, chipped and peeled from parts of the walls of the house. Plaintiff's proofs however did not establish the extent of the damage for which the defendant was solely responsible (Cf. *Hood v. Meininger*, 377 Pa. 342, 348, 105 A. 2d 126), nor the cost of the repairs made necessary by the defective work. The only figure referred to in plaintiff's evidence was the total consideration named in the contract. Plaintiff did not testify that "plastic plaster" was not in fact applied; and there was no proof that the defective workmanship or materials extended over the total surface of the house. The cost of remedying the defects or the reasonable cost of completion of the work in accordance with the contract (totally lacking in plaintiff's proofs) was the measure of damage in this case. Cf. *Huskey Mfg. Co. v. Friel-McLeister Co.*, 84 Pa. Superior Ct. 328; *Myer Feinstein Co. v. De Vincent*, supra. Damages in the sum of $1,100 are not supported by the evidence in this case and certainly plaintiff's cost of financing the payment of the contract price was specifically excluded by the terms of the contract.

For these reasons the defendant is entitled to a new trial.

Judgment reversed with a venire.