## Henry v. W. S. Reichenbach & Son, Inc.

*Martin J. Karess* and *Walker, Walker & Thomas,* for plaintiff.

*Lawrence J. Brenner,* and *Butz, Hudders & Tallman,* for defendant.

WIEAND, J., February 27, 1968.—This is an action in assumpsit based on an alleged breach of warranty. By the terms of a written contract, W. S. Reichenbach & Son, Inc., agreed to convert the heating system from steam to hot water in premises owned by Walter W. Henry. This entailed the replacement of all necessary component parts, including the boiler, burner and controls. The contract was one of defendant's printed form contracts. The portion inserted by typing contained the following pertinent provision: "This installation shall be done in a neat and workmanship like manner and guaranteed for one year". Approximately five months after the work had been completed, either because of improper installation or a defective part, the furnace fire door on the boiler became loose,

causing an improper mixture of oil and air and resulting in the formation of an oily soot which damaged plaintiff's premises. In this action, plaintiff seeks to recover the cost of cleaning and restoring the premises, which he alleges to be in the sum of $542.02.

Defendant has filed a preliminary objection in the nature of a demurrer. It relies solely upon one of the printed general conditions of defendant's form contract. That provision is as follows: "The Contractor shall not be liable for any damage for injury to any person or property on or off the premises, resulting from the work by Contractor from any cause whatsoever". Defendant argues that the parties thereby contracted to limit defendant's liability in such a manner as to preclude this action for damages.

It is well established that parties to a contract such as this may validly limit the consequential damages for which a contractor may become liable in the event of a breach of warranty, so long as the limitation is not unconscionable: Magar v. Lifetime, Inc., 187 Pa. Superior Ct. 143; Uniform Commercial Code of April 6, 1953, P. L. 3, §2-719, as amended, 12A PS §2-719; Restatement, Contracts, §339, comment (g); Cf. Buckley v. General Oil Burner Co., 28 D. & C. 2d 730. Where an express warranty is added to a printed form agreement, however, the rights accruing from that warranty will not be limited or defeated by the printed general conditions unless such an intention is spelled out clearly and certainly. Moreover, if there is any ambiguity in the contract or if the exculpatory provision thereof is susceptible of two interpretations, the contract will be construed most strongly against the party who prepared it: Galligan v. Arovitch, 421 Pa. 301, 303; Pittsburgh Steel Co. v. Patterson-Emerson-Comstock, Inc., 404 Pa. 53, 60.

The contract between the parties to this action seeks to establish a limited liability in the event of damage

to property "resulting from the work by Contractor". What do these words mean? Do they mean that defendant shall not be liable for damages to property occurring during the course of the work of installing the new system, or do they attempt to limit liability in the event of a breach of the express warranty contained in the contract? Moreover, even if the latter construction be placed upon the exculpatory provision, it is clear that it has no application where damages to property are caused by something other than work by the contractor. Thus, there is no limitation upon defendant's liability if the damages to property are caused by defective materials.

Plaintiff also argues that the limitation can have application only when there is damage to property on or off the premises and not where the damage is to the premises themselves. We have not found it necessary to consider this argument.

If it had been defendant's intention to limit its liability for breach of warranty to the cost of replacing or correcting the defective material or work, appropriate language could have been used, as it was in Magar v. Lifetime, Inc., supra. The language used in the instant provision of the contract does not clearly reveal such an intent. Neither is there in the language of this contract the all-inclusiveness of the provision limiting liability as was the case in Buckley v. General Oil Burner Co., supra.

Plaintiff has pleaded damages which arose because of an improper installation or from a defect in the equipment. The pleading is before the court on demurrer and not on a request for a more specific pleading. All facts averred are admitted, and the only issue is whether any of those facts, even if pleaded in the alternative, are sufficient to support an action for damages for breach of warranty. A demurrer should not be sustained where there is a possible theory un-

der which the complaint might be sustained: Lerman v. Rudolph, 413 Pa. 555, 558. Furthermore, when the sustaining of defendant's demurrer will result in a denial of plaintiff's claim or a dismissal of plaintiff's suit, the demurrer may be sustained only in cases which are clear and free from doubt: Adams v. Speckman, 385 Pa. 308. This is not such a case.

ORDER

And now, February 27, 1968, defendant's preliminary objection in the nature of a demurrer is dismissed, and defendant is directed to file an answer within 20 days after service of a copy of this order upon its counsel.