Tinney *v.* Hershock et ux., Appellants.

Argued September 15, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*D. Barry Gibbons,* with him *Gibbons & Buckley,* for appellants.

*Charles F. Mayer,* for appellee.

OPINION PER CURIAM, November 12, 1969:
Judgment and decree affirmed.

---

DISSENTING OPINION BY MONTGOMERY, J.:

I would remand this case to the lower court for more specific findings.

Plaintiff-appellee, Walter H. Tinney, II, a building contractor, in an action of assumpsit sought to recover from Mr. and Mrs. Howard L. Hershock, defendants-appellants, the owners of property in Haverford Township, Delaware County, the sum of $12,289.91 alleged to be due him under a contract for the construction of a residence on said property. The contract price was $25,449, of which $4,119.80 had been paid. Plaintiff did not finish the work by November 15, 1966, the time specified in the contract, and was ordered from the job by the defendants on January 6, 1967. Plaintiff's claim was for the work done, totaling $14,918.71, plus a reasonable profit of $1,491 less the aforesaid payment of $4,119.80, establishing the balance claimed at $12,-289.91.

The owners' defense to the claim was that, by reason of the breach of the contract by the contractor, they were compelled to engage another builder to complete the contract, making it necessary for them to expend the sum of $1,640 over and above the amount specified in the contract with plaintiff, an additional sum of $6,700 to correct faulty and defective construction of the part of the house erected by plaintiff, and

$835 for rental and moving expenses necessitated by plaintiff's delay in having the house completed on time. The owners sought $9,175 damages from the plaintiff by way of counterclaim.

The case was tried before Hon. HENRY G. SWENEY, President Judge, sitting without a jury, and resulted in a decision in plaintiff's favor for $6,278.20, plus costs, but with no interest, to which exceptions were filed and dismissed. This appeal followed the entry of judgment on that decision.

In arriving at the amount of $6,278.20 (correctly, $6,268.20), Judge SWENEY found plaintiff to be entitled to only $10,388 of his original demand of $14,-918.71 for work completed prior to his removal from the job, less the $4,119.80 on account thereof. He disallowed the profit claimed by plaintiff and also the counterclaim made by defendants. It thus appears that $4,520.71 of plaintiff's original claim for work done was disallowed. How this figure was reached by the lower court is not clear. The decision does not show whether it was for the repair of work improperly done or for the additional costs to defendants necessitated by having the work completed by another contractor or for any other reason. Since defendants' counterclaim has not been allowed, the cost of this home to them may amount to $38,098, the sum of the following items, i.e., $21,000 paid to the new contractor; $4,119.80 paid to plaintiff; $6,278.20 to be paid plaintiff; and $6,700 paid by them for the repair of work done by him, excluding rental and moving expenses caused by his delay in finishing it promptly, for a house that was to have cost them $25,449 (plus what extras may be determined to have been ordered by them).

The difficulty I find in resolving this matter lies in the uncertainty pertaining to the basic issue of whether there was a breach of the contract by the plaintiff

or by the defendants, or whether the defendants exercised a privilege given them by the contract to order the contractor from the job for failure to proceed with the work to their satisfaction. The contract provided for a completion date, although the contractor was not ordered from the job until later, January 6, 1967. The lower court did not charge the contractor with full responsibility for the delay but attributed it in part to inclement weather and the fact that defendants and their architect delayed unreasonably in making decisions about changes in the work. Furthermore, the lower court did not decide the question whether there had been a default on the part of the contractor for doing defective work as charged by the owners.

The contract[1] provided that the owners were au-

---

[1] "The party of the second part promises and agrees to furnish the materials which he has undertaken to supply, promptly, and to push the work vigorously, without any delays, with such force of mechanics and workmen as shall be satisfactory to the party of the first part . . . and if the party of the second part, at any time during the progress of the said work, shall, in the opinion of the party of the first part, . . . refuse, omit or neglect to furnish and supply a sufficiency of materials and workmen, or either, or refuse to do the work in a satisfactory manner in the opinion of the party of the first part . . . the party of the first part, . . . shall after twenty-four hour's notice in writing by registered mail to be given to the party of the second part, requiring the party of the second part to supply more material and workmen, or either, or do the work in a proper manner as aforesaid, or to push the work more rapidly, have the right, if the party of the second part remains in default in the opinion of the party of the first part, . . . to procure in the market the materials required, and to secure the necessary number of workmen and mechanics to carry forward the said work, upon the credit and for the account of the party of the second part, and to charge the cost and expense thereof to the party of the second part, and against any balance payable in cash or otherwise that may then or thereafter become due to the party of the second part for or on account of or under this contract. . . . or the party of the first part . . . may at his . . . op-

thorized to complete the job at the cost of plaintiff if the plaintiff failed to perform the contract promptly or in a manner satisfactory to the owners. This would require a finding on each point, i.e., whether there had been a substantial compliance by the contractor in both time and quality of work, as well as a finding on the reasonableness of the costs of completion and repairs. *John Conti Co., Inc. v. Donovan,* 358 Pa. 566, 57 A. 2d 872 (1948). I fail to find sufficient specificity on these points in the decision of the lower court to decide the issues before us in this appeal.

If the owners ordered the contractor from the job unjustifiably and prevented him from completing the contract, the contractor would be entitled to full payment for partial performance and profit. *Hottinger v. Hoffman-Henon Co.,* 303 Pa. 283, 154 A. 598 (1931).

If the contractor breached the contract, the owners' measure of damages is ordinarily the expense and cost to them of completing the contract. *Magar v. Lifetime, Inc.,* 187 Pa. Superior Ct. 143, 144 A. 2d 747 (1958). See Restatement, Contracts §357 (1932).

If the contract provides for the measure of damages for the breach, such agreement will ordinarily be enforced. *Magar v. Lifetime, Inc.,* supra.

---

tion, annul and vacate the said contract and procure others for the account of the party of the second part, and the said operation, to furnish the material and secure other workmen, or either, by contract or otherwise, as the party of the first part, . . . may deem most expedient, to do the said work or furnish the materials, or both, and to charge the cost and expense thereof to the party of the second part, and against any balance then or thereafter to become due to the party of the second part aforesaid, and if any deficiency shall exist between the unpaid balance of the contract price payable in cash and the amount paid to complete the said work, the party of the second part shall, upon demand, pay the same to the said Surety Company for the credit of the said operation."

There is another possibility. If the owners were dissatisfied with the contractor's performance and in part were involved, as indicated in the lower court's opinion in the case, there may have been an agreement to accept the work as partially completed without a breach being declared on the part of either party to the contract. Thus the acceptance of the work satisfactorily completed would establish the basis for final payment.

Without specific findings on these points, I must dissent from the affirmance of the judgment in plaintiff's favor. See *Smith v. Peacock Construction Company*, 214 Pa. Superior Ct. 324, 257 A. 2d 592 (1969), wherein we said we shall not attempt to act as a trial court in resolving complicated financial disagreements on claims and counterclaims in such cases.

Therefore, I respectfully dissent.

CERCONE, J., joins in this dissent.